**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride, Esq. (SBN: 297557)
ryan@kazlg.com
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiffs and the Putative Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **DESTINY LOPEZ and SOTERO LOPEZ,** Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> **SESLOC FEDERAL CREDIT UNION,** <br><br> Defendant. | Case No.:  2:20-cv-05250 <br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF:** <br><br> 1) ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.; <br> 2) UNFAIR COMPETITION LAW, CAL. BUS. & PROF. §§ 17200, *ET SEQ.*; <br> 3) CONVERSION <br> 4) TRESPASS TO CHATTELS <br><br> [JURY TRIAL DEMANDED] |

## INTRODUCTION

1. Plaintiffs Destiny and Sotero Lopez ("Plaintiffs") bring this Class Action Complaint to challenge the conversion of Plaintiff's money by SESLOC Federal Credit Union ("Defendant") with regard to Defendant's conversion of Plaintiffs' and putative class members' COVID-19 stimulus checks. Based on such actions, Plaintiffs and others similarly situated were harmed by Defendant.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the amount in controversy in this matter exceeds $5,000,000.00 as to all putative Class members, inclusive of attorneys' fees and costs, and injunctive relief. *See* 28 U.S.C. § 1332(d).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business in the County of San Luis Obispo and the harm giving rise to this action occurred within this County. Therefore, Defendant has sufficient minimum contacts with this state, and otherwise purposely avails itself of the markets in this state through the financial services provided in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

4. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) the conduct complained of herein occurred within this judicial district; and, (ii) many of the acts and transactions giving rise to this action occurred in this district.

## PARTIES

5. Plaintiffs are natural persons residing in the City of Grover Beach, County of San Luis Obispo, State of California.

**CLASS ACTION COMPLAINT**                                    *Lopez v. SESLOC Federal Credit Union*

6. Upon information and belief, Defendant is a credit union that is organized and exists under the laws of the State of California.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

## FACTUAL ALLEGATIONS

8. Plaintiffs re-allege and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

9. In 2018, Plaintiffs opened a checking account with Defendant (the "Checking Account").

10. Subsequently, but prior to February 2019, Plaintiffs took out personal loan (the "Personal Loan") and applied for a personal credit card (the "Credit Card") with Defendant, which was approved.

11. In or about January or February 2019, Plaintiffs fell behind on payments to both the Personal Loan and the Credit Card held with Defendant.

12. Defendant subsequently attempted to collect the alleged balances owed on Plaintiffs' Personal Loan and Credit Card from Plaintiffs.

13. Shortly after February 2019, Plaintiffs stopped using the Checking Account held with Defendant.

14. In March or April of 2020, Plaintiffs received a statement from Defendant for Plaintiffs' Checking Account held with Defendant.

15. In response to the bank statement sent by Defendant, Plaintiff Destiny Lopez called Defendant and requested the Checking Account be closed.

16. Shockingly, Defendant denied Plaintiffs' request to close the Checking Account and told Ms. Lopez that Defendant will not close the Checking Account until Plaintiffs' Personal Loan and Credit Card held with Defendant are paid in full.

CLASS ACTION COMPLAINT *Lopez v. SESLOC Federal Credit Union*

17. Defendant further told Plaintiff that Defendant would take any money that was subsequently deposited into Plaintiffs' checking account and put it towards Plaintiffs' Personal Loan and Credit Card debt.

18. On March 4, 2020, the Governor of California, Governor Gavin Newsom proclaimed a state of emergency in California as a result of the threat of COVID-19.

19. On April 23, 2020, Governor Newsom issued an executive order declaring that:

> "[f]inancial assistance made available under section 2201 of the CARES Act (concerning 2020 Recovery Rebates for Individuals), and any other federal-, state-, or local-government financial assistance made available to individuals in express response to the COVID-19 pandemic, shall be exempt from any attachment, levy, execution, or garnishment, except as otherwise provided in this Order, without requiring any further action by the person receiving such financial assistance (including, but not limited to, the filing of any claim). This exemption shall extend to funds in any account held by an individual who received such financial assistance, to the extent those funds are traceable to the financial assistance received by that individual."

20. Despite Governor Newsom's clear order prohibiting the levy of the COVID-19 stimulus checks provided to California consumers, Defendant intercepted Plaintiffs' COVID-19 direct deposit of $2,900.

21. Ms. Lopez called Defendant in April 2020 and Defendant's representative confirmed that Defendant had taken Plaintiffs' stimulus check of $2,900 and put the money towards Plaintiffs' Personal Loan and Credit Card debt without Plaintiffs' permission.

22. Through this illegal conversion, Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the

debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

23. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

24. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

25. Through this conduct, Defendant converted Plaintiffs' money by stealing it before it even arrived in Plaintiffs' account. Whether or not Governor Newsom's executive order was in place at the time of Defendant taking Plaintiffs' COVID-19 stimulus check, Defendant's conversion of Plaintiffs' COVID-19 stimulus check is illegal.

26. Defendant's unfair and fraudulent business practices of stealing Plaintiffs' COVID-19 stimulus money is in clear violation of California Business and Professions Code Section 17200.

27. This conduct by Defendant caused Plaintiffs and others similarly situated damages, and requires restitution and injunctive relief to remedy and prevent further harm.

28. This action seeks, among other things, equitable and injunctive relief, restitution of all amounts illegally obtained, and disgorgement of any and all ill-gotten gains as a result of the misconduct alleged herein.

## CLASS ACTION ALLEGATIONS

29. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

CLASS ACTION COMPLAINT                                                  *Lopez v. SESLOC Federal Credit Union*

30. Plaintiff brings this action collectively and on behalf of all others similarly situated against Defendant, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

31. Subject to additional information obtained through further investigation and/or discovery, the proposed class (the "Class") consists of:

> All persons within the State of California who were supposed to receive COVID-19 stimulus checks in an account at Defendant's credit union and the COVID-19 stimulus checks were taken by Defendant without the person's permission within the three years prior to the filing of this Complaint.

32. Excluded from the Class is Defendant and any of its officers, directors, and employees. Plaintiffs reserve the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

33. The "Class Period" means three years prior to the filing of the Complaint in this action.

34. **Ascertainability**. The members of the Class are readily ascertainable from Defendant's records as well as through public notice.

35. **Numerosity**. The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes that the putative Class consists of tens of hundreds, if not thousands of members.

36. **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on the same conversion of the COVID-19 stimulus check. The common legal and factual questions include, but are not limited to, the following:

   a. Whether the class members received or were meant to receive a COVID-19 stimulus check in an account with Defendant;

b. Whether Defendant took the stimulus check meant for the class members without the class members' permission;

c. Whether Defendant's conduct is an unfair, fraudulent, or unlawful act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq*.;

d. Whether Defendant converted Plaintiffs' and class members' money by taking their COVID-19 stimulus check;

e. Whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to the Plaintiffs and members of the Class;

f. Whether the Plaintiffs and the putative Class members are entitled to equitable relief, including but not limited to restitution and/or disgorgement of ill-gotten gains; and

g. Whether the Plaintiffs and the putative Class members are entitled to injunctive relief as sought herein.

37. **Typicality**. Plaintiffs' claims are typical of the claims of the members of the Class in that the Plaintiffs are a member of the Class that the Plaintiffs seek to represent. Similar to members of the putative Class, Plaintiffs were meant to receive a COVID-19 stimulus check, but instead the money was intercepted by Defendant without Plaintiffs' permission. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all absent members of the Class. Defendant has no defenses unique to the Plaintiffs.

38. **Adequacy of Representation**. Plaintiffs will fairly and adequately protect the interests of the members of the putative Class. Plaintiffs have retained counsel experienced in consumer protection law, including class actions, and specifically, the Rosenthal Fair Debt Collection Practices Act. Plaintiffs have no adverse or antagonistic interest to those in the Class and will fairly and

adequately protect the interests of the Class. Plaintiffs' attorneys are aware of no interests adverse or antagonistic to those of Plaintiffs and proposed Class.

39. **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation of the complex legal and factual issues of such a case increases the delay and expense to all parties, including the court. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

40. Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will also likely continue to, take consumers' money with consumers' permission, and members of the Class will continue to be misled, harmed, and denied their rights under California law.

41. Further, Defendant has acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

### FIRST CAUSE OF ACTION FOR
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("RFDCPA")
### CAL. CIV. CODE § 1788, *ET SEQ.*

42. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

44. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

45. As a direct and proximate result of the aforementioned acts and omissions by Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiff and the putative Class members, who had their money stolen by Defendant.

### SECOND CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL")
### BUS. & PROF. CODE §§ 17200, *ET SEQ.*

46. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Plaintiff and Defendant are each a "person" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204

authorizes a private right of action on both an individual and representative basis.

48. "Unfair competition" is defined by Business and Professions Code § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

49. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising, as prohibited by California's UCL.

### A. "Unlawful" Prong

50. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed unlawful acts, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200 *et seq.*, taking Plaintiffs and putative class members' money without Plaintiffs and putative class members' permission.

51. By taking Plaintiffs and putative class members' money in violation of California and common laws, Defendant engaged in a pattern of "unlawful" business practices within the meaning of California's UCL.

### B. "Unfair" Prong

52. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed unfair acts as prohibited by Bus. & Prof. Code §§ 17200, *et seq.*

53. The taking of Plaintiffs and putative class members' money without their permission was unfair to Plaintiffs and putative class members. Plaintiffs and the putative Class members were harmed as a result of Defendant's conduct.

### C. "FRAUDULENT" PRONG

54. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant engaged in acts of unfair competition, including those described above and herein, in violation of Bus. & Prof. Code §§ 17200, *et seq.*, by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, by taking its customers' money.

55. Plaintiffs reserve the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

56. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiffs seek the recovery of attorneys' fees, which reward is available to a prevailing plaintiff in a class action such as this.

### THIRD CAUSE OF ACTION
### CONVERSION

57. Plaintiffs repeat, re-allege, and incorporate by reference the above allegations as if fully stated herein.

58. Plaintiffs and the putative class members had ownership and the right to possession of the monies taken by Defendant.

59. Defendant intentionally took monies from Plaintiff and the Class and did so wrongfully because Defendant did not have permission from Plaintiffs or putative class members or a means by which to take the money by law.

60. Defendant has not restored these monies to Plaintiffs and putative class members, and Plaintiffs and the putative class members have been deprived of the use of such monies.

61. Plaintiffs and the putative class members suffered general and special damages, including loss of the money that was taken from Plaintiffs and the putative class members through Defendant's actions.

62. Defendant is indebted to Plaintiffs and the putative class members for conversion, (i.e., the act of dominion wrongfully exerted over another person's personal property), in a sum certain, the amount which can be proven at trial by reference to Defendant's own business records, for taking monies from Plaintiffs, having reduced Plaintiffs' checking/share account balance due to the taking of Plaintiffs' money.

63. By stealing Plaintiffs and the putative class members money during a time of severe need during the COVID-19 pandemic, Defendant engaged in outrageous conduct done with bad motive or with a reckless indifference to the properly interests of its own customers.

### FOURTH CAUSE OF ACTION
### TRESPASS TO CHATTELS

64. Plaintiffs repeat, re-allege, and incorporate herein by reference the above allegations as if fully stated herein.

65. In the alternative to COUNT III, Defendants dispossessed Plaintiffs of their chattel or used or intermeddled with a chattel in the possession of Plaintiffs.

66. As a result of Defendants' conduct, Plaintiffs are entitled to general and special damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the putative Class members the following relief against Defendant:

- that this action be certified as a Class Action;
- that Plaintiffs be appointed as the Class Representatives;
- that Plaintiffs' attorneys be appointed as Class Counsel;

- that Defendant's wrongful conduct be adjudged and decreed to violate the consumer protection statutes raised herein;
- An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiffs and all members of the Class and to restore to the Plaintiff and members of the class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;
- Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery were necessary and as applicable, to prevent Defendant from retaining the benefits of their wrongful conduct;
- that Plaintiffs and each of the other members of the Class recover the amounts by which Defendant has been unjustly enriched;
- A temporary, preliminary and/or permanent order for injunctive relief requiring Defendant to: (i) return monies to Plaintiffs and the Class; (ii); immediately cease taking customers' COVID-19 stimulus checks; and (iii) undertake an immediate public information campaign to inform members of the proposed class as to their prior practices;
- that Defendant be enjoined from continuing the wrongful conduct alleged herein and be required to comply with all applicable laws;
- Pre-judgment interests from the date of filing of this suit;
- that Plaintiffs and each member of the putative Class recover their costs of suit.

//
//
//
//

CLASS ACTION COMPLAINT                              *Lopez v. SESLOC Federal Credit Union*

### FIRST CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE § 1788, *ET SEQ.*

- Recovery of actual damages pursuant to Cal. Civ. Code § 1788.30(a);
- Recovery of statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and
- Recovery of reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

### SECOND CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW
### CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17535; and
- recovery of reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

### THIRD CAUSE OF ACTION FOR
### CONVERSION

- A judgment against Defendant for general and compensatory damages in an amount to be determined at trial; and
- that Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper.

### FOURTH CAUSE OF ACTION FOR
### TRESPASS TO CHATTELS

- A judgment against Defendant for general and compensatory damages in an amount to be determined at trial;
- that Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper.

CLASS ACTION COMPLAINT *Lopez v. SESLOC Federal Credit Union*

**TRIAL BY JURY**

67. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to and demands a trial by jury.

Dated: June 12, 2020                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: */s/ Ryan L. McBride*
    Ryan L. McBride, Esq.
    *Attorneys for Plaintiffs and the Putative Class*

**CLASS ACTION COMPLAINT**                    *Lopez v. SESLOC Federal Credit Union*